IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

DON FRANKLIN BLANKENSHIP, JR.

    Plaintiff,

v.                                     Civil Action No: 1:17-03735

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This action seeks review of the final decision of the Commissioner of Social Security, who denied plaintiff's application for disability insurance benefits ("DIB"). By Standing Order, this case was referred to United States Magistrate Judge Dwane L. Tinsley to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, under 28 U.S.C. § 636(b)(1)(B). On August 29, 2018, Magistrate Judge Tinsley issued his Proposed Findings & Recommendation ("PF&R"), recommending that this court deny Plaintiff's Memorandum in Support of Judgment on the Pleadings to the extent plaintiff seeks remand for a more thorough finding under 20 C.F.R. § 404.1529(d); grant defendant's brief in support of the Commissioner's decision; affirm the

final decision of the Commissioner, and dismiss this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), the parties had fourteen days, plus three mailing days to file objections to Magistrate Judge Tinsley's PF&R.

On September 13, 2018, plaintiff timely filed objections to the PF&R. (ECF No. 16).

I. **Background**

Don Franklin Blankenship, Jr. filed the instant DIB application on January 19, 2014, under Title II of the Social Security Act, 42 U.S.C. §§ 401–433. The Social Security Administration ("SSA") initially denied plaintiff's application on March 5, 2014,(Tr. 93-97), and again upon reconsideration on March 23, 2014. (Tr. 101-07). Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ") on May 24,2016. (Tr. 32-56). The ALJ determined that plaintiff was not entitled to disability benefits in a decision dated July 27, 2016. (Tr. 12-31). The Appeals Council denied plaintiff's request for review on June 9, 2017, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-5). Thereafter, Plaintiff timely filed the present civil action seeking judicial review under 42 U.S.C. § 405(g). (ECF No. 2).

A detailed factual description of plaintiff's ailments and alleged disability can be found in the Proposed Findings and

Recommendation (ECF No. 15) and in the ALJ's decision. (Tr. at 12-31). These descriptions adequately and faithfully summarize the factual information in the record, making it unnecessary to detail the medical evidence again. Therefore, this opinion will only describe the facts as necessary to address plaintiff's specific objection.

**II. Standard of Review**

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, the district court reviews de novo any part of a magistrate judge's disposition to which a party has properly filed an objection. However, this court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge regarding those portions of the findings or recommendations to which the parties have addressed no objections. Thomas v. Arn, 474 U.S. 140, 150 (1985); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (holding that the court need not conduct a de novo review when a party "makes general and conclusory objections that do no direct the Court to a specific error in the magistrate's proposed findings and recommendations.").

The court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the

3

Social Security Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'" Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

## III. **Plaintiff's Objections**

Plaintiff objects to the Magistrate Judge's proposed finding that the ALJ's step three determination was supported by substantial evidence. (EFC No. 16). Specifically, Plaintiff argues that "the Magistrate Judge supplied his own *post hoc* analysis and neglected to follow established Fourth Circuit case law." Id. For the reasons discussed below, the court overrules Plaintiff's objection to the PF&R.

### A. **Standard for a Step Three Analysis**

Plaintiff objects to the ALJ's explanation of his decision-making process at step three of the sequential evaluation. At step two, the SSA considers the severity of a claimant's set of impairments. 20 C.F.R. § 404.1520(c). At step three, the inquiry

4

is into whether a claimant's severe impairment or combination of impairments "meets or equals one of our listings . . . and meets the duration requirement." 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment meets a listing in Appendix 1, then the SSA "will find that [the claimant is] disabled." Id. The referenced listings appear at 20 C.F.R. part 404, subpart P, Appendix 1, and represent "descriptions of various physical and mental illnesses and abnormalities, most of which are categorized by the body system they affect." Sullivan v. Zebley, 493 U.S. 521, 529-30 (1990).

A claimant is entitled to a conclusive presumption that he is impaired if he can show that his condition meets or equals any of these listed impairments. 20 C.F.R. §§ 404.1520(d) and 416.920(d). The claimant bears the burden of showing he meets or medically equals a listed impairment, and that burden requires the claimant to demonstrate that his impairment either meets "all of the specified medical criteria" of a given listing or is "equal in severity to all the criteria for the one most similar listed impairment." Zebley, 493 U.S. at 530-31.

An ALJ must set forth the reasons for his step three determination, as is required throughout the sequential evaluation process. See Radford v. Colvin, 724 F.3d 288, 295 (4th Cir. 2013). An ALJ's statement that a claimant's impairment does not meet a listed impairment, unaccompanied by any findings

5

comparing a claimant's symptoms to listed criteria, is insufficient. See id. at 295-96. However, a court should read the ALJ decision as a whole to determine whether substantial evidence supports the step three finding. See Smith v. Astrue, 457 Fed.Appx. 326, 328 (4th Cir. 2011) (citing Fischer-Ross v. Barnhart, 431 F.3d 729, 733-34 (10th Cir. 2005)). In sum, an ALJ's duty at step three is to provide sufficient analysis to allow a reviewing court to evaluate whether substantial evidence supports his findings. See Radford, 724 F.3d at 295.

### B. Plaintiff's Objection for Failure to Provide Adequate Step Three Explanation

Plaintiff objects to the PF&R and argues that Magistrate Judge Tinsley "supplied his own post hoc step three analysis in the PF&R" rather than engaging in substantial evidence review. (ECF No. 16).

The court overrules the plaintiff's objection and finds that the magistrate judge's review was appropriate in making the determination of whether the ALJ's decision as a whole presented substantial evidence to support the step three finding. See, e.g., Smith, 457 Fed.Appx. at 328. (explaining that ALJ's finding at other steps of sequential evaluation may provide basis for upholding step three finding). Thus, the court determines that the ALJ's explanation adequately sets forth his determination that the plaintiff's impairments did

not meet a listed impairment and that his ultimate determination on that issue is supported by substantial evidence.

The ALJ's step three finding is as follows:

> With regard to the claimant's alleged impairments, the record does not contain medical findings obtained on clinical examination or special study that are the same as or equal to any of those listed in any subsection on the Listings of Impairments. I have reviewed all of the evidence and conclude that the claimant's alleged impairments do not meet or equal the severity of any listing.

Tr. 19. The ALJ's conclusion that the record does not reflect medical findings that support that the claimant suffers impairments the same as or equal to the listings in Appendix 1 demonstrates that the plaintiff failed to meet his burden of proof. See, e.g., Zebley, 493 U.S. at 530-31 (articulating that "for a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is "equivalent" to a listed impairment, he must present medical findings equal in severity to all the criteria for the one most similar listed impairment) (citing 20 C.F.R. § 416.926(a)); see also 20 C.F.R. §§ 404.1520(e)-(g) (stating that the claimant bears the burden of proof until step five). Thus, in light of the plaintiff's failure to provide a discussion of the evidence that would support a conclusion that he satisfied a listing in Appendix 1, the ALJ adequately set forth the reasons for his step three determination.

7

Furthermore, the ALJ's step three finding is supported because other sections of the decision articulate the plaintiff's ailments, and none of the plaintiff's ailments are equal in severity to a listed impairment. (Tr. 17-23); see, e.g., Johnson v. Berryhill, No. 2:17-cv-01608, 2018 WL 1096463, at *12 (S.D.W.Va. Feb. 1, 2018). (holding that although "the ALJ did not specifically include the discussion of the medical evidence at step three, the ALJ's explanation of his step three findings [was] clear from the decision itself.").

Finally, the plaintiff disputes the magistrate judge's harmless error analysis, which concludes that even if the ALJ's step three analysis is inadequate, it can be cured elsewhere in the decision. Specifically, the plaintiff argues that there was not harmless error because "a favorable step three finding could result in an award of disability benefits." (ECF No. 16, p.2). However, a holistic review of the ALJ's decision supports the conclusion made by the ALJ judge in his step three analysis that "the record does not contain medical findings obtained on clinical examination or special study that are the same as or equal to any of those listed in any subsection on the Listings of Impairments." (Tr. 19). Therefore, even if the ALJ were to make the comparative analysis of how the plaintiff's ailments were not the same as or equal to any listing in Appendix 1, the result would be the same because the plaintiff failed to provide

evidence that would support a different conclusion. Accordingly, the magistrate judge's finding that any lack of explanation by the ALJ judge would be harmless error in this case is substantiated.

Thus, after reviewing the weight of objective evidence included within the ALJ's decision, (Tr. 17-23), the court agrees that no prejudice was created by the way in which the ALJ explained his step three determination.

IV. **Conclusion**

Accordingly, for the reasons stated above, the court **OVERRULES** plaintiff's objections to the Magistrate Judge's Proposed Findings and Recommendation. ECF No. 16. The court adopts the factual and legal analysis contained within the PF&R, **DENIES** plaintiff's Memorandum in Support of Judgment on the Pleadings, ECF No. 10, **AFFIRMS** the final decision of the Commissioner, and **DISMISSES** this matter from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** on this 28th day of September, 2018.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge